**COMMONWEALTH of Pennsylvania**

v.

**Barbara LONER and William Loner, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 14, 2005.

Decided March 22, 2005.

---

**1.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

David C. Mason, Philipsburg, for appellants.

Michael S. Emerick, Duncansville, for appellee.

·BEFORE: FRIEDMAN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Barbara Loner and William Loner (Loner and Loner) appeal the May 3, 2004, order of the Court of Common Pleas of Blair County (trial court), fining Loner and Loner $11,000 for violations of the Borough of Tyrone's (Borough) property maintenance code (Code). We vacate and remand.

The Borough cited Loner and Loner for various Code violations in relation to a building that they own, and, following a hearing on the matter, the district justice found Loner and Loner guilty of all violations and imposed a fine of $5,500 upon each of them individually. Loner and Loner appealed this ruling, and a hearing *de novo* was scheduled before the trial court on April 8, 2003. Loner and Loner did not testify during this proceeding; however, at the start of that hearing, counsel for the parties represented to the court that the parties had reached an agreement. Under the agreement, Loner and Loner, who were in bankruptcy, would be fined a total of $11,000. However, if Loner and Loner completed repairs to the building within thirty days of a May 30, 2003, bankruptcy hearing, they could seek partial remittance of the fine; if they made no repairs, the fine would stand. (R.R. at R.44–45.) The trial court subsequently issued an order that stated in pertinent part: "the above-captioned matter comes before the Court with [Loner and Loner] indicating a wish to plead guilty to the summary violations pursuant to a plea agreement. Part of that plea agreement gives [Loner and Loner] the ability to try to mitigate the fine to

be imposed by repairing the [building]." (R.R. at R.50.)

On October 9, 2003, after expiration of the repair period, a sentencing hearing was held before the trial court. The judge opened the hearing by stating: "The purpose of today is just sentencing. It's not to entertain whether you're guilty or not. There's [sic] already been guilty pleas entered." (R.R. at R.53.) At this hearing, Loner and Loner were represented by counsel, who disputed the amount of the fine but raised no other challenge to the proceeding.[1] (R.R. at R.57–58.) Loner and Loner were given a chance to speak and each declined. (R.R. at R.59.) The trial court ordered Loner and Loner: (1) to pay the costs of prosecution and a total fine of $11,000; and (2) to demolish the building, or provide satisfactory proof of an executed contract to do so, before December 1, 2003. The trial court stated that it would invoke its powers of criminal contempt, including incarceration, if Loner and Loner did not comply with the court's order. (R.R. at R.64–66.)

Loner and Loner appealed the sentencing order to this court. In their statement of matters complained of on appeal, Loner and Loner alleged that the sentencing occurred without an adjudication by the trial court. In an opinion pursuant to Pa. R.A.P.1925, the trial court responded to this allegation, stating that, in light of Loner and Loner's guilty pleas, there had been an adjudication at the trial court level. (Opinion Pursuant to Pa. R.A.P.1925 at 2–

3.) After considering Loner and Loner's appeal, this court noted that "it appear[ed] that the trial court has not filed an order specifically finding [Loner and Loner] guilty." (Per Curiam Order of the Commonwealth Court, No. 141 C.D. 2004, filed April 12, 2004.) Thus, we remanded the matter to the trial court "for entry of an appropriate order and sentence." *Id.*

■ Loner and Loner appeared at the May 3, 2004, remand hearing with new counsel, who contended that Loner and Loner never pled guilty to the alleged offenses and asserted that the trial court's original April 8, 2003, order merely continued the proceedings so that Loner and Loner could repair the building and mitigate their fine. (R.R. at R.84–87.) The trial court disagreed and explicitly found Loner and Loner guilty of the charges against them based on their "guilty plea . . . being entered the 8th day of April of 2003." (R.R. at R.98.) Incorporating, in part, the sentencing order of October 9, 2003, the trial court sentenced Loner and Loner to pay all costs of the prosecution and an $11,000 fine. (R.R. at R.98–99.) Loner and Loner now petition this court for review.[2]

■ Loner and Loner assert that they never pled guilty at the April 8, 2003, hearing and that the trial court committed reversible error by failing to take testimony or review evidence following the Commonwealth Court's April 12, 2004, remand.[3] We agree.

---

1. Loner and Loner's counsel argued that, because Loner and Loner owned the property jointly, a total fine of $5,500 should have been imposed on them jointly rather than on each of them individually, for a total of $11,000. (R.R. at R.58.)

2. Our scope of review in the appeal of a *de novo* hearing order is limited to whether the trial court has committed an error of law or has abused its discretion. *James Alston, Inc.*

*v. Pennsylvania Liquor Control Board,* 71 Pa. Cmwlth. 216, 455 A.2d 228 (1983).

3. Pennsylvania Rule of Criminal Procedure 462(A) states that "[w]hen a defendant appeals after the entry of a guilty plea or conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the

What is critical here is that, notwithstanding the trial court's belief that Loner and Loner wished to plead guilty to violations of the Code, at no time during the April 8, 2003, hearing *de novo* did Loner and Loner actually enter a plea of guilty.

To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super.2003). To this end, Pennsylvania Rule of Criminal Procedure 590 mandates that such pleas be taken in open court and requires the judge to conduct a colloquy with the defendant on the record, inquiring whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendre* is based.[4] Pa. R.Crim.P. 590(A) & (B). *See also Pollard.* Furthermore, Pennsylvania Rule of Criminal Procedure 462 requires that immediately upon conclusion of the trial *de novo*, the trial court shall announce the verdict and sentence in open court. Pa. R.Crim.P. 462(F).[5]

In this case, Loner and Loner never testified and did not enter a plea in open court. The trial court did not administer a colloquy to Loner and Loner, nor did the trial court announce the verdict in open court. Despite the trial judge's statement that Loner and Loner *indicated a wish* to plead guilty and the similar representations of Loner and Loner's counsel, it is clear that, as a matter of law, Loner and Loner neither pled guilty nor had the hearing *de novo* to which they are entitled.

Accordingly, we vacate and remand to the trial court to hold a hearing *de novo* and make a specific determination of guilt.

## ORDER

AND NOW, this 22nd day of March, 2005, the May 3, 2004, order of the Court of Common Pleas of Blair County, is hereby vacated, and this matter is remanded to the Court of Common Pleas of Blair County for a hearing *de novo* consistent with this opinion.

Jurisdiction relinquished.

---

court of common pleas sitting without a jury." Pa. R.Crim.P. 462(A).

4. A plea colloquy must inquire into whether: (1) the defendant understands the nature of the charges to which he or she is pleading guilty or *nolo contendre*; (2) there is a factual basis for the plea; (3) the defendant understands that he or she has the right to a trial by jury; (4) the defendant understands that he or she is presumed innocent until found guilty; (5) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement. *Pollard.*

5. The comment to Pennsylvania Rule of Criminal Procedure 462 likens the procedures for conducting the trial *de novo* to the procedures governing summary case trials set out in Rule 454, which requires, in part, that the defendant enter a plea and that the verdict and sentence of the court, if any, be announced in open court immediately upon conclusion of the trial. Pa. R.Crim.P. 454(A)(3) & (D).